UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GORDON B.W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY , <br><br> Defendant. | CASE NO. 3:21-CV-5587-DWC <br><br> ORDER |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI")). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not harmfully err when he evaluated Plaintiff's subjective symptom testimony; nor did the ALJ err in determining Plaintiff could return to past semi-skilled work or err in determining Plaintiff's residual functional capacity ("RFC"). Thus, the Court affirms.

## FACTUAL AND PROCEDURAL HISTORY

On February 23, 2015, Plaintiff filed an application for DIB, alleging disability as of February 15, 2014. *See* Dkt. 6, Administrative Record ("AR") 312. The application was denied upon initial administrative review and on reconsideration. *See* AR 109, 123. A hearing was held before ALJ Ilene Sloan on March 15, 2017, followed by a supplemental hearing before ALJ Sloan on July 17, 2017. *See* AR 64–107. In a decision dated November 22, 2017, ALJ Sloan determined Plaintiff to be not disabled. *See* AR 137–54. However, on August 15, 2019, the Appeals Council reversed the ALJ's decision and remanded the claim for a new hearing and decision. *See* AR 155–58.

This new hearing took place before ALJ Virginia Robinson on November 19, 2020. *See* AR 38–63. In a new decision dated December 21, 2020, ALJ Robinson determined Plaintiff to be not disabled. *See* AR 17–37. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) finding that Plaintiff's mental health impairments were non-severe; and (2) finding that Plaintiff's RFC allowed him to perform his past relevant work. Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments.**

Plaintiff first avers that the ALJ erred in finding that his medically determinable impairments of anxiety and depression were not severe. Dkt. 11, p. 2.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citing *Sample v. Schweiker*, 694 F.2d 639, 642–43 (9th Cir. 1982)). An impairment is not considered "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Here, Plaintiff asserts that the ALJ failed to consider the effects of his major depressive disorder and generalized anxiety disorder. Dkt. 11, p. 2.

At step two, the ALJ found Plaintiff had several severe impairments: diabetes mellitus, shoulder disorder (including supraspinatus tendinopathy with partial tears), degenerative disc disease, and carpal tunnel syndrome. AR 23. The ALJ found that Plaintiff had medically determinable mental impairments of major depressive disorder and generalized anxiety disorder, but that these mental impairments did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and were, therefore, non-severe. AR. 24.

In so finding, the ALJ analyzed the four areas of mental functioning set forth in the disability regulations for evaluating mental disorders and in the Listing of Impairments, also known as the "paragraph B" criteria. *See* AR 25 (citing 20 C.F.R., Part 404, Subpart P, Appx. 1). As to the first two criteria, the ALJ found that Plaintiff's anxiety and depression did not cause more than a mild limitation in Plaintiff's ability to understand, remember, or apply information, and to concentrate, persist, or maintain pace. In support of this finding, the ALJ pointed to mental status exams that showed Plaintiff was alert, oriented, and having logical, linear and goal-directed thought processes, normal thought content, and intact memory, as well as formal testing results showing intact cognitive functioning. AR 25 (citing AR 718, 724, 750, 842, 848–49, 869, 1549, 1553, 1560).

With respect to the third criterion, the ALJ found that Plaintiff had only a mild limitation in interacting with others, noting that he was often described as pleasant, lived with others, and maintained contact with his family, performed public errands and social events, including performing karaoke several times per week, and traveled. AR 25 (citing AR 718, 724, 749–50, 765, 842, 848–49, 869, 889, 1055, 1059, 1062, 1081, 1218, 1226, 1236, 1251, 1257, 1266, 1272). Finally, as to the fourth criterion, the ALJ found that Plaintiff had a mild limitation in adapting and caring for himself, given that he was able to handle his own finances, do chores and house repairs, and denied any problem with personal care. AR 25 (citing AR 356–58).

Plaintiff asserts that substantial evidence does not support the ALJ's characterization of the record and that, in fact, the ALJ "inaccurately characterized" the evidence "as demonstrating no more than mild impairment" where Plaintiff's longitudinal treatment record painted a bleaker picture. *See* Dkt. 11, p. 10. The Court has carefully reviewed Plaintiff's citations to the record that plaintiff argues the ALJ erred in overlooking and disagrees with Plaintiff. In fact, the records

Plaintiff cites in support of his argument are consistent with the ALJ's ultimate findings. First, almost all of the records upon which Plaintiff relies to argue otherwise consist of self-reports, which the ALJ found to be unreliable. *See* Dkt. 11, pp. 3–10; AR 27–29. Plaintiff does not dispute this adverse credibility finding on appeal.

In addition, Plaintiff's argument that the ALJ failed to consider evidence of his depression and anxiety does not withstand scrutiny. The ALJ reviewed the treatment notes upon which Plaintiff relies and found that they showed Plaintiff's "mental health complaints are situational, revolving around financial and relationships problems[.]" AR 24 (citing AR 572, 589, 618, 2559). Further, the ALJ found that Plaintiff's "mood and anxiety improved with medication, even despite difficult situations[.]" AR 24 (citing AR 555, 577, 875).

In challenging this finding, Plaintiff argues that the ALJ failed to properly evaluate the medical opinions related to his mental impairments, including the opinions of Alice Franck, M.D., David Widlan, Ph.D., Patricia Kraft, Ph.D., and Michael Dennis, Ph.D. Dkt. 11, pp. 10–11. For claims, such as this one, filed before March 27, 2017, Ninth Circuit precedent requires that an ALJ give clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995).

<u>1. Dr. Franck</u>

Plaintiff points to a statement from his treating physician, Dr. Franck, indicating that Plaintiff would be likely to be absent from work at least three times per month. Dkt. 11, p. 10. However, Plaintiff makes no argument about the ALJ's findings related to Dr. Franck's opinion,

except to state the ALJ disregarded it. Dkt. 11, p. 11. Merely presenting the evidence in a more favorable light to Plaintiff is insufficient to establish error in the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, the Court may deem arguments unsupported by explanation to be waived. *See Avila v. Astrue*, 2008 WL 4104300 (E.D. Cal Sept. 2, 2008), at *2 (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923–24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue)). By failing to make any argument related to the ALJ's findings related to this opinion, Plaintiff has waived any challenge to the ALJ's assessment of Dr. Franck's opinion.

2. Drs. Widlan, Kraft, and Dennis

Dr. Widlan examined Plaintiff on May 18, 2015. He diagnosed Plaintiff with recurrent, moderate major depressive disorder and generalized anxiety disorder with elements of panic, and assigned a Global Assessment of Functioning ("GAF") score of 49, indicating serious symptoms or a serious impairment in social, occupational, or school functioning. AR 613; *see* SOURCE FOR GAF. He opined that Plaintiff appeared to have "adequate or moderate deficits in memory, concentration, and social reasoning," and that

> [i]n terms of cognitive functioning he appears capable of accepting instruction. He appears able to negotiate simple and routine social interactions. He would struggle with persistence in part due to depression. This may lead to absenteeism. Anxiety would also impact task completion. He has some deficits in his ability to keep up with [activities of daily living].

AR 614. Drs. Kraft and Dennis, two non-examining psychologists, each opined that Plaintiff would have moderate limitations in several of these abilities. The ALJ gave these opinions little weight, reasoning that it was inconsistent with plaintiff's treatment record, which showed that his symptoms were situational, mild, and treated with medication. AR 30. While Plaintiff argues that the ALJ's reasoning was unsupported by substantial evidence, his argument relies on the barren

1   assertion that the ALJ was "playing doctor" and "no rationale [sic] adjudicator could have come
2   to [the ALJ's] conclusion." *See* Dkt. 11, p. 11; Dkt. 15, p. 5.

3   "The ALJ is responsible for determining credibility, resolving conflicts in medical
4   testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. A reviewing court may not
5   second-guess the ALJ's reasonable interpretation of the evidence. *See id.* at 1039–40. The ALJ's
6   determination that the medical record did not support the opinions of Drs. Widlan, Kraft, and
7   Dennis on limitations was amply supported by substantial evidence. Plaintiff's assignment of
8   error is unavailing.

9   **II. Whether the ALJ Properly Found Plaintiff Could Perform His Past Relevant**
10  **Work.**

11  Plaintiff argues that the ALJ improperly found he could return to past semi-skilled and
12  work. AR 31; Dkt. 11, p. 12. Plaintiff argues that if he had severe mental impairments, he would
13  have been unable to perform work at this skill level, but instead would have been found disabled
14  under the Medical-Vocational Guidelines. Dkt. 11, pp. 12–13; 20 C.F.R. Pt. 404, Subpt. P, App.
15  2.

16  In essence, Plaintiff reiterates a version of his earlier arguments—namely, that there was
17  error in the ALJ's analyses of the step-two findings and residual functional capacity. Dkt. 11, p.
18  12. The mere restatement of Plaintiff's earlier arguments fails to establish error. *See Stubbs-*
19  *Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). The residual functional capacity
20  "*should* be exactly the same regardless of whether certain impairments are considered 'severe' or
21  not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis in original). In light of
22  the ALJ's findings that Plaintiff's mental impairments caused no more than minimal limitations,

the ALJ properly found no limitations in the residual functional capacity to account for his non-severe mental impairments.

Because the ALJ found Plaintiff was not disabled at step four, she did not proceed to step five and never considered the medical-vocational guidelines. The ALJ's findings may be dispositive at any step of the five-step sequential process. "The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps. *Tackett*, 180 F.3d at 1098. Here, the sequential process ended at step four. AR 31.

In any event, Plaintiff would not have been found disabled under the Medical-Vocational Guidelines (grids), as Plaintiff alleges. Dkt. 11, p. 12. The determination that a claimant "could perform his past relevant work also negates his argument that the ALJ erred in the application of the medical-vocational guidelines." *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, stating that guidelines apply when claimant *cannot* perform prior work). Such is the case here. Plaintiff's arguments to the contrary are premised on the notion that the ALJ erred at step two, an allegation which the Court has found to be without merit. *See* Section I., *supra*.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 19th day of May, 2022.

David W. Christel
United States Magistrate Judge